[No. A025851. First Dist., Div. Five. Oct. 29, 1985.]

LOIS ELIZABETH DOWELL, Plaintiff and Appellant, v.
COUNTY OF CONTRA COSTA, Defendant and Respondent.

**COUNSEL**

Peter J. Hinton, Tanya Pashkowski, Hinton & Pashkowski, Joseph P. McMonigle, Robert M. Peterson and Long & Levit for Plaintiff and Appellant.

William H. Staples, Marsha L. Stephenson and Capps, Staples, Ward, Hastings & Dodson for Defendant and Respondent.

**OPINION**

**KING, J.**—In this case we hold that the mailing of a notice of rejection of a claim against a public entity starts the running of the six months within which the claimant must file a court action on the claim, even though the notice neither states the date on which it was mailed nor is accompanied by a proof of service by mail, since the Legislature, in prescribing the form of the notice of rejection in Government Code section 913, required neither.

## I.

Lois Elizabeth Dowell appeals from a summary judgment in favor the County of Contra Costa (County). Dowell contends the trial court erred in concluding her claim was barred because she did not file a court action within six months after the mailing of a notice of rejection of her claim against the County. We affirm the judgment.

Dowell contends that the applicable statute of limitations is two years where, as here, the notice of rejection sent to Dowell did not specify the date it was deposited in the mail. She also contends the notice sent by the County violated the constitutional requirements of due process, and the statute of limitations as to her claim against the County was tolled during the pendency of her claim against the state.

On November 16, 1981, Dowell's husband was killed in an automobile accident on Kirker Pass Road in Contra Costa County. Dowell filed a timely government tort claim for the wrongful death of her husband with the County board of supervisors and the State of California. On March 23, 1982, the board of supervisors rejected her claim in full. A clerk deposited written notice of rejection of Dowell's claim in the mail on March 24, 1982. The County kept in its files an affidavit of mailing signed by the clerk which showed the notice of rejection was served by mail and when it was mailed, and a longer version of the notice of rejection which included the date Dowell's notice was deposited in the mail. The County did not, however, send a copy of the proof of service to Dowell or her attorney. The notice of rejection her attorney received indicated only the date her claim was rejected by the board, and stated neither when nor how it was served. The state rejected Dowell's claim on June 1, 1982, but did not serve her with its notice of rejection until September 20, 1982.

Dowell filed a complaint against the County in superior court on November 12, 1982. The County demurred, arguing the complaint was barred by the six-month statute of limitations prescribed by Government Code section 945.6.[1] The court overruled the County's demurrer.

The County answered Dowell's complaint and filed a motion for summary judgment on the ground of failure to timely file a court action pursuant to section 945.6, accompanied by a declaration from the clerk confirming she mailed the notice of rejection to Dowell's attorney on March 24, 1982. The court granted the motion and rendered judgment in favor of the County.

---

[1] All further statutory references are to the Government Code.

## II.

 Dowell contends that in mailing a notice which indicated neither the date nor manner of delivery and which was unaccompanied by a proof of service, the County failed to comply with section 913. We disagree.

Section 945.6 provides two alternative statutes of limitation for causes of action under the Tort Claims Act where a claim filed with a public entity has been rejected. If the public entity gives written notice of rejection of the claim in accordance with section 913, the statute of limitations is six months from the day such notice is personally delivered or deposited in the mail. If such notice is *not* given in compliance with section 913, the statute of limitations is two years from accrual of the cause of action.[2] (§ 945.6; *Glorietta Foods, Inc.* v. *City of San Jose* (1983) 147 Cal.App.3d 835, 838 [195 Cal.Rptr. 355].)

The central issue on this appeal is whether section 913 or procedural due process require that a written notice of rejection specify the date of mailing or be accompanied by a proof of service.

Dowell argues that the language of the mandatory warning prescribed by section 913, which must state the claimant has only six months "from the date this notice was . . . deposited in the mail to file a court action on this claim," requires that the written notice of rejection must specify the exact date such notice was personally delivered or deposited in the mail.[3] Other-

---

[2]Section 945.6 states in pertinent part: "(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: [¶] (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail. [¶] (2) If written notice is not given in accordance with Section 913, within two years from the accrual of the cause of action. If the period within which the public entity is required to act is extended pursuant to subdivision (b) of Section 912.4, the period of such extension is not part of the time limited for the commencement of the action under this paragraph."

[3]Section 913 states the notice of rejection requirement as follows: "(a) Written notice of the action taken under Section 912.6 or 912.8 or the inaction which is deemed rejection under Section 912.4 shall be given in the manner prescribed by Section 915.4. Such notice may be in substantially the following form: [¶] 'Notice is hereby given that the claim which you presented to the (insert title of board or officer) on (indicate date) was (indicate whether rejected, allowed, allowed in the amount of $_____ and rejected as to the balance, rejected by operation of law, or other appropriate language, whichever is applicable) on (indicate date of action or rejection by operation of law).' [¶] (b) *If the claim is rejected in whole or in part, the notice required by subdivision (a) shall include a warning in substantially the following form:* 'WARNING: Subject to certain exceptions, *you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.* See Government Code Section 945.6. [¶] You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.' " (§ 913, italics added.)

wise, she contends, the notice of rejection is not "in accordance with section 913" and the applicable statute of limitations is two years from the accrual of the cause of action. (§ 945.6.)

The language of section 913, however, does not specifically require that the notice of rejection indicate the date such notice was personally delivered or deposited in the mail. ■ Where the notice of rejection complies with section 913 the six-month statute of limitations cannot be extended by provisions outside the Tort Claims Act. (*Edgington* v. *County of San Diego* (1981) 118 Cal.App.3d 39, 46-47 [173 Cal.Rptr. 225]; *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227, 231 [137 Cal.Rptr. 146].)

■ The County properly urges that Dowell must be charged with knowledge of the six-month statute of limitations because she filed a timely government tort claim. (See *Fritts* v. *County of Kern* (1982) 135 Cal.App.3d 303, 306 [185 Cal.Rptr. 212] [strict enforcement of 30-day statute of limitations set forth in § 946.6, subdivision (f)]; *Chase* v. *State of California* (1977) 67 Cal.App.3d 808, 812 [136 Cal.Rptr. 833]; *Hunter* v. *County of Los Angeles* (1968) 262 Cal.App.2d 820, 822 [69 Cal.Rptr. 288].) "[A] claimant who fails to receive a written notice of the public entity's action on the claim within a reasonable time after the end of the 45-day period for its consideration, should make inquiry to determine whether, and if so, when, the notice was in fact served. *The two-year period of limitations obtains only when the notice was not served; the six-month rule applies if notice was served, even though not actually received by the claimant.*" (Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 5.72, pp. 563-564, italics added.)[4]

Dowell does not claim that notice was not served by the County. The notice served on her contained a warning of the six-month statute of limitations and it clearly informed her the board of supervisors had rejected her claim on March 23, 1982. Having filed a timely claim and received a notice of rejection, Dowell must be charged with the knowledge of the six-month

---

[4]Van Alstyne mentions only two cases in which courts held the two-year statute of limitations applicable based on notice which was received by the plaintiff but did not comply with section 913. In these cases the purported rejection notice did not include a warning of the six-month statute of limitations or the notice that the county was *not* ruling on plaintiff's substantive claim. (*Scott* v. *County of Los Angeles* (1977) 73 Cal.App.3d 476, 484 [140 Cal.Rptr. 785]; *Wheeler* v. *County of San Bernardino* (1978) 76 Cal.App.3d 841, 847-848 [143 Cal.Rptr. 295].)

Similarly, in *Jenkins* v. *County of Contra Costa* (1985) 167 Cal.App.3d 152, 155-156 [213 Cal.Rptr. 126], the court held the two-year statute of limitations applicable where the county had specifically notified plaintiff only of the rejection of plaintiff's application to file a late claim and not of plaintiff's underlying claim.

statute of limitations. It was her duty to investigate the exact date on which the rejection was mailed. The trial court properly concluded that the six-month statute of limitations barred Dowell's cause of action against the County.

### III.

Dowell contends the notice of rejection sent by the city violated her constitutional right to procedural due process. This argument is meritless.

California cases have unanimously upheld the constitutionality of the statutory provisions of the Tort Claims Act when public entities have complied with the statutory requirements. (*Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575, 581-582 [121 Cal.Rptr. 842]; *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 481 [58 Cal.Rptr. 249, 426 P.2d 753].) Once the claimant has received notice of rejection of a claim informing her of the time limitation within which a court action must be filed after the date of mailing of the rejection, it is not asking too much to require the claimant to take steps to ascertain the date of mailing. The notice required by section 913 would better serve the public if it specified the date of mailing rather than the relatively irrelevant date when the board or officer to whom the claim was submitted rejected it. However, such a requirement, if appropriate, must be prescribed by the Legislature, not the courts.

### IV.

Alternatively, Dowell contends the statute of limitations on her cause of action against the County was tolled during the pendency of her claim against the State of California and therefore her action against the County was timely filed following the state's notice of rejection of her claim on September 20, 1982. This argument invokes the doctrine of equitable tolling. (*Addison* v. *State of California* (1978) 21 Cal.3d 313, 319-321 [146 Cal.Rptr. 224, 578 P.2d 941].)

Although Dowell opposed defendant's demurrer and motion for summary judgment, she did not raise the doctrine of equitable tolling in the trial court and hence that court did not have an opportunity to determine whether it was applicable. "It is settled that a party may not raise a new theory for the first time on appeal [citation] because to permit him to do so would not only be unfair to the trial court but manifestly unjust to the opposing litigant. [Citation.]" (*Sierra Club, Inc.* v. *California Coastal Com.* (1979) 95 Cal.App.3d 495, 503 [157 Cal.Rptr. 190].) Thus we need not address the issue.

Even if Dowell had invoked the doctrine below, it would not have been applicable in this case. In *Addison* the court declared that the statute of limitations is tolled when a plaintiff possessing several legal remedies against a defendant reasonably and in good faith pursues one. (*Addison* v. *State of California, supra,* 21 Cal.3d at pp. 318-319.) The *Addison* court did not address the problem of whether the statute is tolled as to one defendant while awaiting action on a claim filed against another defendant.

■ In *Sierra Club, Inc.* v. *California Coastal Com., supra,* 95 Cal.App.3d at pp. 503-504, the court stated that the doctrine of equitable tolling applies only where the plaintiff commences a second action which is in reality a continuation of an earlier action involving the *same parties,* facts and cause of action. Due to the lack of identity of the parties, the existence of continuing administrative proceedings by Dowell against the State would not toll the statute of limitation for Dowell's cause of action against the County.

■ The conclusion in *Sierra Club* is consistent with the reasoning in *Addison.* The *Addison* court listed three basic requirements for application of the doctrine of equitable tolling: timely notice, lack of prejudice to the defendants and reasonable and good faith conduct on the part of the plaintiff. (*Addison* v. *State of California, supra,* 21 Cal.3d at p. 319.) The court emphasized that the defendants had received adequate notice, by the filing of the federal court action, of the plaintiff's intention to file suit and therefore were not prejudiced in gathering evidence or preparing their defense. (*Ibid.*)

In the present case the same cannot be said. Dowell's failure to file suit against the County until action on her claim against the state did not provide the County with notice of her intention to bring suit or prevent prejudice to the County in gathering information and preparing its defense. Since the claim proceedings against the state and County were entirely separate and the County was not put on notice of Dowell's intention to sue, the doctrine of equitable tolling was inapplicable. (*Addison* v. *State of California, supra,* 21 Cal.3d at pp. 319-321.)

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 15, 1986.