[No. B014036. Second Dist., Div. Four. Mar. 14, 1986.]

MARIBEL RINCON, a Minor, etc., Plaintiff and Appellant, v.
BURBANK UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

**COUNSEL**

Capiro & Freixes and Ramon Cervantes for Plaintiff and Appellant.

Liebman & Reiner, Francis P. Licata and Lane Quigley for Defendant and Respondent.

**OPINION**

**McCLOSKY, Acting P. J.**—On January 26, 1984, Maribel Rincon (appellant), a minor, by and through her guardian ad litem, Mauricio Rincon, filed a claim against Burbank Unified School District (respondent) alleging that on October 19, 1983, the minor plaintiff fell and fractured her left radius on respondent's school premises due to its failure to properly maintain them. In this claim, Blanca Rincon was designated as appellant's guardian ad litem and the address of the claimant was stated to be 248 West Elm Avenue #B, Burbank, California 91502.

On February 2, 1984, respondent rejected the claim and alleges that it sent notice of that rejection to appellant on February 3, 1984, by mail to the address given in the claim. On September 24, 1984, appellant by Mauricio Rincon, her guardian ad litem, filed her complaint.

Subsequent to filing its answer, on December 5, 1984, respondent filed a motion for summary judgment on the ground that appellant had failed to file her complaint within the six-month statutory period provided by Government Code section 913.[1] The motion was supported by three declarations. One of those declarations by Mel Ross recited that "[on] February 3,

---

[1]All statutory references are to the Government Code unless otherwise noted. "Section 913 [of the Government Code] in pertinent part states the notice of rejection requirement as follows: '(a) Written notice of the action taken under Section 912.6 or 912.8 or the inaction which is deemed rejection under Section 912.4 shall be given in the manner prescribed by Section 915.4. . . .'"

1984, the [respondent] sent a letter to Mrs. Blanca Rincon, at the address set forth in the claim for damages, notifying her of said rejection." Attached to that motion was a copy of notification that was sent with the letter which notified the recipient that, subject to certain inapplicable exceptions "you have only (6) six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code, section 945.6."[2]

## DISCUSSION

Summary judgment is a drastic measure which deprives the losing party of a trial on the merits and should not be invoked unless it is clear from the affidavits, declarations, depositions filed in connection with the motion or judicially noticed matters that there are no triable issues of material fact. (*Bunzel* v. *American Academy of Orthopaedic Surgeons* (1980) 107 Cal.App.3d 165 [165 Cal.Rptr. 433]; *Gray* v. *Reeves* (1977) 76 Cal.App.3d 567 [142 Cal.Rptr. 716]; *People* ex rel. *Riles* v. *Windsor University* (1977) 71 Cal.App.3d 326 [139 Cal.Rptr. 378]; *Varco-Pruden, Inc.* v. *Hampshire Constr. Co.* (1975) 50 Cal.App.3d 654 [123 Cal.Rptr. 606].)

"If notice was given by the public entity of action or inaction on [her] claim, as required by Govt.C. 913, the claimant must commence [her] action within 6 months after such notice is personally delivered or deposited in the mail. (Govt.C. 945.6(a)(1); . . . *Edgington* v. *San Diego* (1981) 118 C.A.3d 39, 45, 46, 173 C.R. 225 [6-month period began to run when notice, sent by certified mail with return receipt requested, was deposited in mail, *rather than when postal employee delivered notice and secured signature on receipt*]." (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 478, p. 510; italics added.)

In the case at bench appellant contends that there is a triable issue of fact as to whether the notice of rejection by respondent was deposited in the mail on February 3, 1984, in conformance with the requirements of

---

[2]"Section 945.6 states in pertinent part: '(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: [¶] (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail. [¶] 2. If written notice is not given in accordance with Section 913, within two years from the accrual of the cause of action. If the period within which the public entity is required to act is extended pursuant to subdivision (b) of Section 912.4, the period of such extension is not part of the time limited for the commencement of the action under this paragraph.' "

section 915.2[3] and Code of Civil Procedure section 1013a. The latter section deals with proof of service only.[4]

Respondent states that the issue in this case is "[w]hether the six month statute of limitations on actions against government entities begins to run when written notice of rejection is mailed to the address written on the claim form and not upon [its] receipt."

This is no real issue as long as the government entity complies with sections 913 and 915.2. Appellant, too, freely admits at page 1 of her reply brief that whether or not she received respondent's notice of rejection is irrelevant to the issue of this appeal.

Respondent contends that since they filed three declarations in support of their motion for summary judgment stating that the notice of rejection had been mailed on February 3, 1984, and since there had been "no evidence . . . ever introduced by Appellant during the summary judgment process to contradict the assertion that the rejection of her claim was mailed on that date" that "even if the issue of whether the rejection letter was mailed is one of fact, that issue must be and was resolved by the trial court in the Respondent's favor since it had no conflicting evidence. Such a result in no way conflicts with the decisions of the Court of Appeal in *Call* v. *Los Angeles City General Hospital,* 77 Cal.App.3d 911 (1978) or *Edgington* v. *County of San Diego,* 118 Cal.App.3d 39 (1981). No issue of fact truly exists if no contradictory facts are present."

Respondent further maintains that "[i]t has long been held that where no contradictory evidence has been presented the moving party is entitled to a

---

[3]In pertinent part section 915.2 states: "If . . . any notice under this chapter is given by mail, the claim, amendment, application or notice shall be mailed in the manner prescribed in this section. The claim, amendment, application or notice must be deposited in the United States post office, or a mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the government of the United States, in a sealed envelope, properly addressed, with postage paid. The claim, amendment, application or notice shall be deemed to have been presented and received at the time of the deposit. Proof of mailing may be made in the manner prescribed in Section 1013a of the Code of Civil Procedure."

[4]Respondent's reliance on *Dowell* v. *County of Contra Costa* (1985) 173 Cal.App.3d 896 [219 Cal.Rptr. 341], is misplaced.

The *Dowell* court defined the central issue of that appeal as follows: "The central issue on this appeal is whether section 913 or procedural due process require that a written notice of rejection specify the date of mailing or be accompanied by a proof of service." Neither of those issues is before us in this case. (*Id.,* at p. 900.)

In *Dowell,* the plaintiff did not contend that the notice of rejection was not served by the moving party. (173 Cal.App.3d at p. 901.) Here, that mailing is contested. Moreover, in *Dowell* the declaration in support of the moving party's motion for summary judgment was accompanied by a declaration from the clerk that she mailed the notice of rejection to Dowell's attorney and the date she mailed it. The *Dowell* case is thus clearly distinguishable.

favorable finding on the disputed fact and if such fact is dispositive of the case, to summary judgment. (*County of Los Angeles* v. *Security Insurance of Hartford,* 52 Cal.App.3d 808 (1975); *Barnett* v. *Delta Lines, Inc.,* 137 Cal.App.3d 674 (1981)."

█ A motion for summary judgment may only be granted where no triable issue of material fact exists and where the moving party's affidavits, declarations, admissions, answers to interrogatories, depositions or judicially noticeable matters set forth sufficient facts to sustain a judgment in its favor. (Code Civ. Proc., § 437c, subd. (b); *Estate of Pitzer* (1984) 155 Cal.App.3d 979 [202 Cal.Rptr. 855].) █ If a defendant's declaration in support of its motion for summary judgment establishes a complete defense to a plaintiff's action or demonstrates the absence of an essential element of the plaintiff's case, and if the plaintiff's declaration in reply does not show that a triable issue of fact exists with respect to that defense or that essential element, no amount of factual conflicts upon other aspects of the case will affect the result and the motion for summary judgment should be granted. (*Frazier, Dame, Doherty, Parrish and Hanawalt* v. *Boccardo, Blum, Lull, Niland, Teerlink & Bell* (1977) 70 Cal.App.3d 331 [138 Cal.Rptr. 670].)

█ It is true that when the moving party presents *all* of the material facts necessary to support a judgment in its favor and no conflicting evidence is presented then there is no issue as to those material facts and summary judgment is properly granted.

But to prevail on its motion the moving party must present *all* of the facts necessary to support a judgment in its favor. Absence of evidentiary objection to otherwise inadmissible evidence[5] presented in a declaration does not supply missing necessary elements of proof.

The amendments to Code of Civil Procedure section 437c have not freed the moving party from the necessity of presenting the trial court with supporting affidavits or declarations made on the factually shown personal knowledge of the affiant or declarant which set forth admissible evidence and which affirmatively show that the affiant or declarant is competent to testify concerning the matters stated therein. (Code Civ. Proc., § 437c, subd. (d).)

As Witkin recently reiterated in 1985 in the third edition of his California Procedure, the moving party must still make a strong showing and his affidavits and declarations are still strictly construed.

---

[5]At all times pertinent hereto, Code of Civil Procedure section 437c, subdivision (b) provided, in pertinent part: "Evidentiary objections not made either in writing or orally at the hearing shall be deemed waived."

"Because of the drastic nature of the procedure and the importance of safeguarding the adverse party's right to a trial, the moving party must make a strong showing. His affidavits are *strictly construed. (Weichman v. Vetri* (1950) 100 C.A.2d 177, 179, 223 P.2d 288 [not sufficiently particular, too many conclusions]; *Kelliher v. Kelliher* (1950) 101 C.A.2d 226, 231, 225 P.2d 554 [since plaintiff's affidavit insufficient, no need to consider defects in defendant's counteraffidavits]; *Eagle Oil & Refining Co. v. Prentice* (1942) 19 C.2d 553, 556, 122 P.2d 264; *Desny v. Wilder* (1956) 46 C.2d 715, 725, 299 P.2d 257; *Family Service Agency v. Ames* (1958) 166 C.A.2d 344, 333 P.2d 142; *Southern Pac. Co. v. Fish* (1958) 166 C.A.2d 353, 362, 333 P.2d 133; *Callahan v. Chatsworth Park* (1962) 204 C.A.2d 597, 600, 22 C.R. 606; *Harding v. Purtle* (1969) 275 C.A.2d 396, 399, 79 C.R. 772, quoting the text.)

"This rule applies even though the adverse party makes no countershowing (infra, § 293). (See *Southern Pac. Co. v. Fish,* supra; *De Echeguren v. De Echeguren* (1962) 210 C.A.2d 141, 148, 26 C.R. 562.) (Cf. *D'Amico v. Board of Med. Examiners* (1974) 11 Cal.3d 1, 21, 112 C.R. 786, 520 P.2d 10, . . ." (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 285, pp. 585-586, italics in original.)

Once respondent's declarations are examined in light of these governing principles it becomes clear that none of respondent's three declarations offered in support of its motion for summary judgment satisfies the minimum requirements for granting the motion.

Mel Ross's declaration was conclusory only on the subject of the mailing and did not set forth that he observed the notice of rejection mailed, by whom or where it was mailed, or that it was deposited in a properly addressed sealed postage paid envelope in the United States mail.

Nor did Lawrence Shoaf's declaration meet the requirements of personal knowledge or show that he himself mailed the notice. In that regard it merely recited that he sent the notice of rejection letter to Mrs. Blanca Rincon at the address as set forth in the claim. He then stated "[t]he letter was typed by my secretary, Shirley Heeg; I signed it, and Shirley Heeg mailed it." Nowhere in that declaration or in the exhibits attached to his declaration did Mr. Shoaf state that he saw Ms. Heeg mail it, where or when it was mailed or deposited in a United States mail facility in a properly addressed sealed postage paid envelope. (See § 915.2 and Code Civ. Proc., § 1013a.)

The most important declaration respondent filed in support of the motion should have been that of Shirley Heeg. In the part pertinent to the mailing, however, her declaration merely states:

"On February 3, 1984, I prepared a letter addressed to Mrs. Blanca Rincon at the address as set forth in the claim for damages notifying her of the rejection of the claim. Dr. Shoaf signed the letter and I mailed it . . . . [¶] The letter was not returned by the post office."

Since the motion for summary judgment was contested, the strictures of section 915.2 required the establishment by Ms. Heeg's declaration or other competent evidence that she deposited the notice of rejection in the United States post office or a mail box, subpost office, substation, or mail chute, or other like facility regularly maintained by the government of the United States, in a sealed envelope, properly addressed with postage paid and stating where she deposited it in the mail, if she was the one who did so. (§ 915.2 and Code Civ. Proc., § 1013, subd. (a).)

Neither the failure of appellant to make evidentiary objections to otherwise inadmissible evidence nor defects in appellant's declarations, nor the absence of any countershowing supplies those essential elements of proof that are simply missing from the declarations offered in support of the motion for summary judgment. Since the summary judgment procedure is such a drastic one it may not be invoked where, as here, the moving party's supporting documents fail to set forth sufficient facts to sustain a judgment in its favor.

The judgment is reversed.

Arguelles, J., and Shimer, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.