[No. F009294. Fifth Dist. July 20, 1988.]

SHAROLYN RENEE ANSON, Plaintiff and Appellant, v.
COUNTY OF MERCED et al., Defendants and Respondents.

**COUNSEL**

Fred Canant and Clifford L. Woodall for Plaintiff and Appellant.

Kroloff, Belcher, Smart, Perry & Christopherson and Velma Lim for Defendants and Respondents.

---

**OPINION**

**BEST, J.**—This is an appeal from an order of dismissal following the sustaining of a demurrer to plaintiff's complaint without leave to amend.

### PROCEDURAL AND FACTUAL BACKGROUND

On May 22, 1986, plaintiff, Sharolyn Renee Anson (Anson), served a claim for damages allegedly arising out of medical negligence on the Merced County Board of Supervisors pursuant to Government Code section 900 et seq. The county rejected the claim on June 24, 1986. On December 23, 1986, as required by Code of Civil Procedure section 364, Anson served notices of intention to file suit for medical negligence on defendants County of Merced, the Merced Community Medical Center, Robert B. Small, M.D., and Timothy S. Johnston, M.D. (collectively referred to herein as the defendants).

On March 23, 1987, Anson filed a complaint for medical negligence against all four defendants. The complaint alleged that Anson had undergone a laproscopic bilateral tubal fulguration and division for the purpose of sterilization on or about February 24, 1986, and that the procedure was performed negligently resulting in excessive postsurgical pain and bleeding. It was also alleged that she was required to repeat the surgery. The defendants filed their demurrer on April 24, 1987, based on Anson's failure to bring the action within six months after the rejection of the claim by the county as required by Government Code section 945.6. It is undisputed that the surgery was carried out in a county hospital and performed by doctors who were employed by the county at the time.

### DISCUSSION

#### I

*Whether the Statute of Limitations Provided in Government Code Section 945.6 Controls Over That of Code of Civil Procedure Section 340.5 in an Action for Medical Negligence Brought Against a Governmental Entity*

This issue of first impression arises because Anson filed her complaint after the six-month limit of Government Code section 945.6 had expired but

before the one-year limit of Code of Civil Procedure section 340.5 had elapsed. Government Code section 945.6 provides in pertinent part: "(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: [¶] (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail."

Anson had complied with the claim requirement mandated by Government Code section 900 et seq. on May 22, 1986. Her claim was rejected by the board of supervisors on June 24, 1986, and served that same day.[1] Therefore, the six-month statute of limitations specified by Government Code section 945.6 would require that her complaint be filed on or before December 24, 1986. At odds with that requirement in this case is Code of Civil Procedure section 340.5 which provides in pertinent part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first."

Anson maintains that Code of Civil Procedure section 340.5 was enacted as part of the Medical Injury Compensation Reform Act (MICRA) in a specific attempt to deal in a comprehensive fashion with medical negligence claims and that it therefore controls over the more general provisions of Government Code section 900 et seq. A reading of the two statutes of limitations, both standing alone and as components of the larger bodies of legislation of which they are a part, reveals that neither is more specific than the other. Both address specific areas of the law, government tort liability and medical negligence liability. One can look at medical negligence claims as a potential subset of the larger world of government tort liability. However, it is equally valid to view potential government tort liability as a portion of the larger problem of medical negligence claims. Neither view is "more right" than the other. The legislative schemes stand on equal footing from the perspective of the specificity with which the Legislature sought to address the respective social ills. Accordingly, Anson's argument that the longer time period controls because it is a part of the more specific legislative scheme must fail.

---

[1] Although the record does not reflect the date upon which the notice of rejection of claim was either personally delivered or deposited in the mail, at oral argument the parties stipulated that, for purposes of this appeal, service was effected on June 24, 1986.

■ "In the Tort Claims Act (§ 900 et seq.), the Legislature has carefully prescribed the time and manner of filing claims against the public entities, and the conditions under which they may be sued." (*Edgington* v. *County of San Diego* (1981) 118 Cal.App.3d 39, 43 [173 Cal.Rptr. 225].) With rare exceptions, courts have held that the six-month statute of limitations is inviolate. "Where the notice of rejection complies with section 913 the six-month statute of limitations cannot be extended by provisions outside the Tort Claims Act." (*Dowell* v. *County of Contra Costa* (1985) 173 Cal.App.3d 896, 901 [219 Cal.Rptr. 341].)

In *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227 [137 Cal.Rptr. 146], the court held that Code of Civil Procedure section 1013, subdivision (a), which provides for a five-day extension of time if service is effected by mail, did not work to create an extension of the six-month statute of limitations. (*Smith, supra,* at pp. 231-232; accord *Edgington* v. *County of San Diego, supra,* 118 Cal.App.3d at p. 44.) The *Smith* court emphasized that "[t]he prescribed statutes of limitations for commencement of actions against the state 'are mandatory and must be strictly complied with.'" (*Smith* v. *City and County of San Francisco, supra,* at p. 230.)

Although Anson cites *Banfield* v. *Sierra View Local Dist. Hospital* (1981) 124 Cal.App.3d 444 [177 Cal.Rptr. 290] in support of her main contention, that case did not discuss this central issue at all. It dealt with asserted excusable neglect, whether or not a plaintiff must file a claim against a governmental entity when the entity had not fulfilled its duty to update information necessary to the filing of the claim, and the computation of the 90-day tolling of the statute of limitations of Code of Civil Procedure section 340.5.

Similarly, *Osborne* v. *County of Los Angeles* (1979) 91 Cal.App.3d 366 [154 Cal.Rptr. 129], also cited by Anson, is inapplicable here. That case dealt with the erroneous denial of an application to file a late claim against the governmental entity. Although the court did go on to explain that time of filing of Osborne's complaint would be governed by Code of Civil Procedure section 340.5, the issue in the case at bench never came into play because the six-month statute of limitations of Government Code section 945.6 had not yet begun to run as the board of supervisors had erroneously denied his application to file a late claim.

■ Lastly, *Young* v. *Haines* (1986) 41 Cal.3d 883 [226 Cal.Rptr. 547, 718 P.2d 909] does not support Anson's contention that Code of Civil Procedure section 340.5 takes precedence over Government Code section 945.6. There the issue, as framed by the court, was "Which statute of

limitations—Civil Code section 29 . . . or Code of Civil Procedure section 340.5 . . . is applicable in an action for injuries incurred during birth as a result of medical malpractice?" (*Young, supra,* at p. 889, fns. omitted.) Anson concedes that there the Supreme Court "did not even consider that Government Code § 945.6 should apply."

The Supreme Court in *Young* noted that "[o]n their face, both section 29 and section 340.5 appear to govern this case." (*Young v. Haines, supra,* 41 Cal.3d at p. 891.) Under the facts of that case, the plaintiff's claim would not have been time barred by the application of Civil Code section 29,[2] but Code of Civil Procedure section 340.5 would have barred her claim. The Supreme Court found that between "these two inconsistent statutes, section 340.5 must prevail." (*Young, supra,* at p. 894.) The court noted that Code of Civil Procedure section 340.5 was a later enacted statute which had been specifically intended to cover all personal injury claims arising from medical malpractice. (*Ibid.*) It held that Code of Civil Procedure section 340.5 was more specific than Civil Code section 29 and that the plaintiff could not "avoid a statutory time bar by invoking section 29 . . . ." (*Ibid.*)

Anson argues that the same reasoning which was employed by the Supreme Court in *Young* requires the conclusion that Code of Civil Procedure section 340.5 also prevails over Government Code section 945.6. However, as between Government Code section 945.6 and Code of Civil Procedure section 340.5, neither is more specific. Therefore, the premise upon which the Supreme Court based its decision in *Young* does not apply here.

■ Furthermore, "[t]he cardinal rule of statutory construction is to ascertain and give effect to the intent of the Legislature." (*Young v. Haines, supra,* 41 Cal.3d at p. 894.) The intent of the Legislature in enacting MICRA was expressed as follows: "The Legislature finds and declares that there is a major health care crisis in the State of California attributable to skyrocketing malpractice premium costs and resulting in a potential breakdown of the health delivery system, severe hardships for the medically indigent, a denial of access for the economically marginal, and depletion of physicians such as to substantially worsen the quality of health care available to citizens of this state." (Stats. 1975, 2d Ex. Sess., ch. 2, § 12.5, p. 4007.)

■ The clear intent of MICRA was to restrict the flow of medical malpractice lawsuits which were threatening the continued efficient delivery of health care to Californians. The *Young* decision was in accord with this

---

[2] Civil Code section 29 provides a separate six-year statute of limitations for actions "by or on behalf of a minor for personal injuries sustained prior to or in the course of his birth . . . ."

intent in that it enforced the shorter statute of limitations and held that plaintiff's suit was barred by the time limit. Similarly, the intent of the Tort Reform Act, Government Code section 900 et seq., was also to limit the potential for lawsuits against government entities and their employees. It would be incongruous if Anson could now invoke the provisions of one statute which was intended by the Legislature to *limit* medical malpractice claims in order to escape the effect of another statute of limitations and thereby be permitted to maintain her action. She should not be relieved of the strictures of Government Code section 945.6 simply because the governmental entity against which she seeks to bring this action is also a health care provider.

General principles of statutory interpretation also support the conclusion that Code of Civil Procedure section 340.5 cannot operate to relieve a litigant of the time limit imposed by Government Code section 945.6. Because Government Code section 945.6 was in existence before Code of Civil Procedure section 340.5, it can be inferred that the Legislature knew of its existence. (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394].) It can also be inferred that because the Legislature did not address the potential conflict between the two statutes, it intended Government Code section 945.6 to remain in full force and effect. (*Bailey, supra,* at p. 977.) Had the Legislature wanted to extend the time limit for filing a medical malpractice action against a governmental entity so as to create a totally uniform system as Anson contends, it would have done so specifically.

■ Furthermore, "[w]henever possible, however, we must reconcile statutes and seek to avoid interpretations which would require us to ignore one statute or the other . . . and the rule giving precedence to the latter statute is invoked only if the two cannot be harmonized." (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7 [128 Cal.Rptr. 673, 547 P.2d 449]; accord *Bank of America* v. *Cory* (1985) 164 Cal.App.3d 66, 75 [210 Cal.Rptr. 351]; *Bledstein* v. *Superior Court* (1984) 162 Cal.App.3d 152, 160-161 [208 Cal.Rptr. 428].) ■ To adopt the interpretation urged by Anson would require a holding that Government Code section 945.6 is not applicable in actions for medical malpractice. Upholding the limitation of section 945.6, however, results in both statutes being given effect.

The legislative intent behind the two statutes of limitations, coupled with long-standing principles of statutory construction, requires the conclusion that the six-month statute of limitations of Government Code section 945.6 controls over the one-year statute of limitations of Code of Civil Procedure section 340.5 in actions for medical negligence brought against a governmental entity.

## II

*Whether a Claim Served Upon a Governmental Entity Pursuant to Government Code Section 910 is Adequate Notice to a Health Care Provider as Required in Code of Civil Procedure Section 364*

Anson also contends that the trial court erred when it found that her claim filed pursuant to Government Code section 910 was sufficient to fulfill the requirements of Code of Civil Procedure section 364.

Code of Civil Procedure section 364, subdivision (a), requires that "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." Subdivision (d) of Code of Civil Procedure section 364 provides that "[i]f the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice."

The Government Code section 910 claim was filed on May 22, 1986. If this claim can be construed to be a proper notice for the purposes of Code of Civil Procedure section 364, then the subsequent notices to the physicians could not have extended the time for filing the action because the first notice was filed before the six-month statute of limitations had even begun to run, and therefore well in advance of the threshold of 90 days before the expiration of the applicable statute of limitations required by Code of Civil Procedure section 364, subdivision (d). If the public entity claim was also valid as a notice of commencement of an action to the health care providers, the later notices would have been mere surplus paperwork, the only practical effect of which would have been an attempt to extend the statute of limitations.

On this issue the trial judge found as follows: " . . . the claim that was filed with the county contains substantially all of the information required by Sections 364 and 365, puts the county on notice at an early stage of a claim for medical negligence as against the county, and necessarily would include those employees of the county or the county hospital, Community Medical Center actually performing that surgery. And I think, then, to contend that the requirements of 364 must again be met by a new and difference [*sic*] claim which necessarily tolls or extends the statute is at least to me unreasonable . . . ."

Code of Civil Procedure section 364, subdivision (b), provides that "[n]o particular form of notice is required, but it shall notify the defendant of the

legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered." Government Code section 910, subdivision (d), only requires "[a] general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim."

Code of Civil Procedure section 364 requires specificity with regard to the nature of the injuries suffered where Government Code section 910 clearly does not. Because the purpose of the requirements of Code of Civil Procedure section 364 is to place the health care provider on notice as to the alleged injuries which have been suffered by the plaintiff, this distinction is a crucial one.

Here, the claim falls significantly short of the specificity requirement. It states, "This is a claim for medical malpractice which occurred on February 24, 1986, at the Merced Community Medical Center." No mention is made of the type of injuries suffered. Moreover, the claim simply states, "The names of the public employees causing the claimant's injuries are medical personnel whose names are unknown to the claimant at this time." This cannot be construed as sufficient notice to the individual physicians who were charged with malpractice. Under these circumstances the Government Code section 910 claim cannot serve as a proper notice of intention to commence an action as required by Code of Civil Procedure section 364.

### III

*Whether the 90-Day Notice Required by Code of Civil Procedure Section 364, Subdivision (a), Extends the Statute of Limitations of Government Code Section 945.6*

Anson next contends that the six-month statute of limitations of Government Code section 945.6 was extended by her service of the notices of intention to commence this action against the health care providers and that, therefore, this action was timely filed. We agree.

Subdivision (d) of Code of Civil Procedure section 364 provides that "[i]f the notice is served within 90 days of the expiration of *the applicable statute of limitations,* the time for the commencement of the action shall be extended 90 days from the service of the notice." (Italics added.)

Had the Legislature intended the 90-day extension only to apply to the 1-year statute of limitations of Code of Civil Procedure section 340.5, it could have so stated. Instead, it used the words "the applicable statute of limitations."

■ "Government Code section 945.6 is a statute of limitation." (*Cole* v. *Los Angeles Unified School Dist.* (1986) 177 Cal.App.3d 1, 3 [222 Cal.Rptr. 426].) ■ Since we have held Government Code section 945.6 to be the applicable statute of limitations in this case, a plain reading of the language of subdivision (d) of Code of Civil Procedure section 364 extends the six-month period by ninety days from service of the notice of intention to institute legal action. ■ As this court has explained, courts are "required to give effect to statutes according to the usual, ordinary import of the language employed in framing them." (*California Teachers' Assn.* v. *Governing Board* (1983) 145 Cal.App.3d 735, 740 [193 Cal.Rptr. 650].)

■ The county rejected Anson's claim on June 24, 1986. On December 23, 1986, Anson served the notices of intention to file suit for medical negligence on the defendants. The six-month statute of limitations would have expired the next day. However, because of the service of the notices, Anson had 90 days from December 23, 1986, in which to file her complaint. On March 23, 1987, Anson filed a complaint for medical negligence against all four defendants. This was the 90th day. Accordingly, the complaint was timely filed.

Because the demurrer was improperly sustained and the order dismissing the complaint must be reversed, we do not address Anson's remaining contention.

The order of dismissal is reversed. Plaintiff shall have her costs on appeal.

Woolpert, Acting P. J., and Brown (G. A), J.,* concurred.

A petition for a rehearing was denied August 12, 1988.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.