[Civ. No. 18870. Third Dist. Mar. 11, 1980.]

ROBERT TOIGO, Plaintiff and Appellant, v.
THEODORE HAYASHIDA, Defendant and Respondent.

Counsel

Horton, Barbaro & Reilly, Frank P. Barbaro and Joseph W. Bottom for Plaintiff and Appellant.

Toff, Toff, Newton & Toff and Ronald I. Toff for Defendant and Respondent.

Opinion

**EVANS, J.**—This is an action for medical malpractice. The complaint was filed December 8, 1978. It alleges injury occurring on December 10, 1977, as the result of negligent examination, diagnosis and treatment of plaintiff by defendant, a medical doctor.

This appeal results from an adverse judgment entered against plaintiff after the trial court granted defendant's motion to strike the complaint. The basis of the motion was plaintiff's failure to give defendant 90 days' notice prior to commencing a professional negligence action as required by Code of Civil Procedure section 364.[1] Inasmuch as failure to comply with section 364 is not jurisdictional we reverse the judgment.

Plaintiff concedes the notice required by section 364 was not given prior to filing the complaint. The court granted defendant's motion to strike and ruled that failure to comply with section 364 required that the complaint be stricken.

Section 364, subdivision (a), provides that, "No action...may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." Section 364 is part of chapter 5 (tit. 2, p. 2) of the Code of Civil Procedure and pertains to the commencement of actions based upon professional negligence against licensed health care providers. Section 365 addresses failure to comply with the chapter and provides in part: "Failure to comply with this chapter shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein." The section simply provides that failure to comply with the chapter may be grounds for discipline of the attorney, but no more.

---

[1]All code references will be to the Code of Civil Procedure unless otherwise noted.

■ By the express language of section 365, failure to comply does not go to the maintenance of the action, but merely provides for professional discipline against the errant attorney. (*Gomez v. Valley View Sanitorium* (1978) 87 Cal.App.3d 507, 510, fn. 1 [151 Cal.Rptr. 97]; Witkin, Summary of Cal. Law (8th ed., 1978 supp. to vol. 4) Torts, § 516B, p. 149; *Review of Selected 1975 California Legislation, Torts* (1976) 7 Pacific L.J. 544.) The provisions of section 365, which seemingly emasculate the substance of section 364, distinguish this chapter from the provision of the Government Tort Claims Act analogized by defendant. (See Gov. Code, § 945.4.) Upon the present state of the law, a motion to strike a professional negligence case for failure to comply with the terms of section 364 does not lie. Recourse for the omission has been legislatively dealt with in section 365.

The judgment is reversed.

Puglia, P. J., and Blease, J., concurred.