[Civ. No. 49748. First Dist., Div. Two. Dec. 23, 1980.]

DONNA L. CLARK, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
RONALD A. SELTZER, INC., Real Party in Interest.

COUNSEL

Edward Randall Bernett for Petitioner.

No appearance for Respondent.

Ralph W. Thompson III and Murphy & Thompson for Real Party in Interest.

OPINION

SMITH, J.—Petitioner is the defendant in a small claims action brought against her by real party in interest, a dentist, pursuant to the

provisions of section 116 et seq. of Code of Civil Procedure[1] to recover his fee for services, and judgment has been entered against her in the sum of $500. She appealed to the superior court pursuant to the provisions of section 117.8 and seeks review by extraordinary writ of an order of respondent court denying her motion for a continuance to allow the commencement of an action for malpractice against real party and for an order consolidating the actions for trial.

Although this court does not ordinarily interfere in matters arising in the small claims court, there is precedent for intervention in extraordinary situations requiring review of important issues (*Davis v. Superior Court* (1980) 102 Cal.App.3d 164, 168 [162 Cal.Rptr. 167]).

Code of Civil Procedure section 116.2 provides that "The small claims division shall have jurisdiction in actions: (a) For recovery of money only where the amount of the demand does not exceed seven hundred fifty dollars ($750); . . ."

Code of Civil Procedure section 116.8 provides ". . . (b) If defendant has a claim against plaintiff in an amount over the jurisdiction of the small claims court as set forth in Section 116.2, but of a nature which would be the subject of a cross-complaint under the rules of pleading and practice governing the superior court, then defendant may commence an action against plaintiff in a court of competent jurisdiction and file with the small claims court wherein plaintiff has commenced his action, at or before the time set for the trial of the small claims action, an affidavit setting forth the facts of the commencement of such action by such defendant. He shall attach to such affidavit a true copy of the complaint so filed by defendant against plaintiff, and pay to the clerk of the small claims court the sum of one dollar ($1) for a transmittal fee, and shall deliver to plaintiff in person a copy of the affidavit and complaint at or before the time above stated. *Thereupon the small claims court shall order that the small claims court action shall be transferred to the court set forth in the affidavit, and shall transmit all files and papers in the small claims actions to such other court, and the actions shall then be tried together in such other court. . . .*" (Italics added.)

Under legislation enacted in 1975 (§ 364 et seq.) a victim of malpractice must give 90 days prior notice to the defendant of intention to

---

[1]All subsequent code references shall be to the Code of Civil Procedure.

commence an action (§ 364, subd. (a)) and a failure by any attorney to comply with the provisions of the section is grounds for professional discipline (§ 365).

■ Petitioner contends that the notice required by section 364 as a condition precedent to bringing an action based upon the health care provider's professional negligence permits a health care provider to obtain a judgment in the small claims action for money due against a patient before the patient has had an opportunity to commence an action for malpractice in the superior court, thereby defeating the provisions of section 116.8.

In this matter, the action was filed by real party in interest in the small claims division of the municipal court on March 7, 1980, trial was had on April 10, 1980, and judgment was entered against petitioner on April 15, 1980, prior to the expiration of the 90-day period.[2]

It is apparent from the foregoing that the provisions of section 116.8 subdivision (b) cannot be given effect in instances where the small claims defendant has a claim for malpractice; a judgment for the plaintiff health care provider will be entered before defendant may comply with the 90-day notice, commence his action in the superior court and "set forth the facts of the commencement of the action by such defendant," as provided in the section. We cannot believe that the Legislature intended such result.

Further, although petitioner may commence her action for malpractice in propria persona without penalty (*Toigo* v. *Hayashida* (1980) 103 Cal.App.3d 267, 269 [162 Cal.Rptr. 874] (complaint may not be stricken for failure to comply with § 364), such an action may not be filed by an attorney without subjecting him to discipline (§ 365; *Toigo* v. *Hayashida, supra*, at p. 269). Although an attorney may not take part in the defense of litigation in small claims court (§ 117.4) we cannot believe that the Legislature intended by the enactment of this legislation (§ 364 et seq.) to deprive defendants in small claims actions of representation by an attorney in the commencement of an action for malpractice in a court of competent jurisdiction.

---

[2]Section 116.4, subdivision (b)(1) provides for a hearing date not more than 40 days from the date of commencement of the action if defendant resides within the county and not more than 70 days if defendant resides outside the county.

We have concluded that petitioner has no remedy other than through this proceeding, and that this court must establish a judicial remedy to relieve petitioner from the untenable situation into which the existing legislative scheme has placed her. We hold that until the Legislature acts to correct this unfair situation, a defendant who has a claim against the plaintiff in excess of the amount of the jurisdiction of the small claims court which is based upon a health care provider's professional negligence shall have a right to a continuance of the trial of the small claims action, upon the request of the defendant, until such time as the defendant may comply with the provisions of section 364 and section 116.8 subdivision (b).

A peremptory writ of prohibition shall issue as prayed for in the petition.

Taylor, P. J., and Rouse, J., concurred.