[No. B151526. Second Dist., Div. Three. Oct., 25, 2001.]

SHARI EDWARDS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
T. GREGORY KIRIANOFF, Real Party in Interest.

174

**COUNSEL**

Louis G. Fazzi for Petitioner.

No appearance for Respondent.

Bonne, Bridges, Mueller, O'Keefe & Nichols, Mark B. Connely, Douglas C. Smith and Alisa R. Knight for Real Party in Interest.

**OPINION**

**ALDRICH, J.**—In what appears to be a case of first impression in California, we are called upon to address the question whether the plaintiff, in

serving the 90-day notice of intent to commence an action against a medical practitioner (Code Civ. Proc., § 364),[1] must allege the specific factual basis of each cause of action in the lawsuit to be filed. We hold: (1) the 90-day notice requirement of section 364 is not jurisdictional; (2) the total failure to comply with the statute does not invalidate an action against the medical practitioner; and (3) a failure to allege the specific factual basis of each cause of action does not prevent the plaintiff from alleging the cause in the lawsuit or from obtaining leave to amend the complaint to add any cause of action omitted from the section 364 notice.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The surgeries and the section 364 notice.*

After defendant T. Gregory Kirianoff performed outpatient reconstructive surgery on the breasts and nose of plaintiff Shari Edwards, she developed an infection in her breast which was diagnosed as E. coli infection. Plaintiff also was required to undergo additional surgery on her nose to correct problems allegedly caused by the removal of too much nasal cartilage.

On May 24, 2000, plaintiff filed a timely notice of intent to file suit (§ 364). The section 364 notice letter informed defendant that plaintiff "intends to file suit against you for damages resulting from medical negligence which resulted when [plaintiff] consulted you for plastic surgery and contracted e coli in her breast as a result of [the] surgery you performed. [Plaintiff] contends that as a direct and proximate result of your failure to properly use clean instruments during a surgical procedure or to use sterile equipment or to operate in a sterile environment, and your failure to diagnose, treat, and recognize in a timely manner the e coli, [plaintiff] experienced infection in her breast resulting in the need for additional surgery . . . ." The section 364 notice made no mention of the nasal surgery.

2. *The initial complaint.*

On August 21, 2000, plaintiff filed this personal injury and medical negligence action, alleging defendant was negligent in performing the surgeries and used surgical instruments that had not been properly sterilized:

[1]Unless otherwise specified, statutory references are to the Code of Civil Procedure. Section 364 provides: "(a) No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action. [¶] (b) No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. [¶] . . . [¶] (d) If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice."

"Defendant[], . . . undertook employment to provide Plaintiff with certain plastic and reconstructive surgeries to various portions of Plaintiff's body. [¶] Defendant[], . . . lacked or failed to exercise the necessary knowledge and skill to properly perform the plastic and reconstructive surgeries on Plaintiff, [was] negligent and unskillful in performing those surgical services, and used surgical instruments during those procedures which had not been properly sterilized. The negligent treatment of Plaintiff by Defendant[] . . . resulted in Plaintiff developing an e-coli bacteria infection in one of the areas on which Defendant[] performed . . . plastic and reconstructive surgery, resulting in severe and permanent damages to Plaintiff's body and health. [¶] As a direct and proximate cause of Defendant['s] negligence, Plaintiff has suffered permanent and temporary damage to her body and health and has required and will continue to require medical care and treatment."

### 3. *Motion to amend.*

On March 30, 2001, plaintiff filed a motion for leave to amend the complaint to allege the doctrine of res ipsa loquitur. Plaintiff alleged, in the proposed first amended complaint, that E. coli infection does not occur in the absence of contamination and was most likely caused by the use of improperly sterilized surgical instruments.

The proposed amended complaint also alleged in more specific terms the injuries arising from the nasal surgery: "At said time and place, defendant also negligently performed reconstructive surgery on plaintiff's nose, in that defendant did remove too much cartilage [*sic*] from the nose so that additional corrective surgery had to be performed in order to repair the damage done . . . ."

In responding to the motion to amend the complaint, defendant objected to the allegations specifying the damages arising from the nasal surgery but did not mention the res ipsa loquitur issue.

The trial court's decision is interesting in several respects. The court noted the complaint is alleged in general terms and refers to "surgeries." The court questioned defendant's counsel about whether discovery had included information about the nasal surgery. Defendant's counsel replied that discovery had included "references" to the nasal surgery. The discovery conducted prior to the hearing on the motion to amend the complaint included deposition testimony and interrogatories relating to problems with both the breast surgery and the nasal surgery.

The transcript of the hearing shows the trial court indicated the nasal surgery was included in the general allegations in the original complaint and

admonished plaintiff's counsel "You don't have a need to amend. It's already there [in the complaint]." Plaintiff's counsel responded that the primary reason for the motion to amend was to add the res ipsa loquitur allegation, and the other amendments were merely for clarification.

Even though defendant did not mention section 364 either in the answer to the complaint or the original opposition to the motion to amend, the trial court sua sponte raised the issue, commenting the section 364 notice indicated "generally a surgical procedure" but did not give notice of a problem with the nasal surgery. The court informed the parties the section 364 notice contained nothing "even remotely related to the nose." However, the court noted neither counsel was prepared to address the section 364 notice and took the matter under submission with directions to both counsel to file supplemental briefing on the section 364 issue.

In plaintiff's supplemental brief, counsel argued the section 364 notice was sufficient to give notice of the intent to file suit and noted no court has ever interpreted section 364 as requiring notice of all possible injuries or details of those injuries. Plaintiff's counsel further noted the original complaint repeatedly referred to surgeries in the plural and pointed out that discovery had included information about the nasal surgery and the subsequent surgery to repair the damage.

Defendant's counsel argued the section 364 notice must include specifics of the injuries suffered.

On April 26, 2001, the trial court entered the following minute order: "Motion to file an amended complaint is denied, except that Plaintiff is not barred and is permitted to advance the theory of Res Ipsa Loquitur at trial as to the E coli infection of the breast."

4. *The petition.*

Plaintiff filed this petition, seeking a writ of mandate allowing amendment of the complaint. On August 2, 2001, we issued a notice (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232 [82 Cal.Rptr.2d 85, 970 P.2d 872]) to the parties of our preliminary conclusion that section 364 is not jurisdictional and a plaintiff's failure to describe all her injuries in the presuit notice does not bar her from amending the complaint to add those injuries if the injuries are not otherwise barred by the statute of limitations.

Thereafter we received additional briefs from both parties.

## CONTENTIONS OF THE PARTIES

Plaintiff contends the notice requirements of section 364 are not jurisdictional and cannot be used to bar claims. Further, plaintiff argues the trial court should allow amendment of pleadings and in determining whether to allow amendments of pleadings, the statutory language of section 473 should be liberally construed so that cases can be decided on their merits.

Defendant argues that any claims regarding injury to the nose are time-barred because petitioner failed to specifically mention them in the original complaint or the "[§ 364] notice of intent to sue." In essence, defendant argues that section 364 is jurisdictional and therefore, having failed to mention injury to the nose in the notice plaintiff is barred from amending the complaint to now so allege.

## DISCUSSION

### 1. *Statutory provisions.*

Subdivision (b) of section 364 does not require a particular form of notice but the notice must notify the defendant "with specificity [of] the nature of the injuries suffered." Section 364 is part of the Medical Injury Compensation Reform Act (MICRA). The legislative purpose of requiring plaintiffs to give notice of intent to sue before bringing an action based upon professional negligence was to decrease the number of such actions by establishing a procedure to encourage the parties to negotiate outside the structure and atmosphere of the formal litigation process. (*Preferred Risk Mutual Ins. Co. v. Reiswig* (1999) 21 Cal.4th 208, 214-215 [87 Cal.Rptr.2d 187, 980 P.2d 895].)

In this case, plaintiff served a section 364 notice alleging general medical negligence arising from "surgeries" which caused multiple injuries. The notice specified the E. coli infection resulting from the breast surgery but did not specify the injuries arising from the nasal surgery.

After the trial court requested the supplemental briefing on the section 364 issue, defendant filed a brief citing *Anson v. County of Merced* (1988) 202 Cal.App.3d 1195 [249 Cal.Rptr. 457], a case discussing whether a claim served upon a governmental entity (Gov. Code, § 910) is adequate notice to a health care provider as required by Code of Civil Procedure section 364. The claim filed with the public entity in that case alleged only " 'This is a claim for medical malpractice . . . .' " (*Anson, supra,* at p. 1204). No mention was made of the type of injuries suffered and the public employees

causing the injuries were not named. *Anson* held this was not sufficient notice to an individual physician that he might be charged with medical malpractice. (*Ibid.*) *Anson* is inapposite to the circumstances here. Defendant was served with an individual notice of the intent to file suit arising from the plastic and reconstructive surgery resulting in severe and permanent damage to plaintiff's body and health. As we have already observed, subdivision (b) of section 364 does not require a particular form of notice although the notice must notify the defendant "with specificity [of] the nature of the injuries suffered."

■ While the specification of injury contained in plaintiff's section 364 claim is not a model of clarity, it does inform the health care practitioner-defendant of the contemplated lawsuit arising out of the plastic and reconstructive surgery performed. Furthermore, the notice informs the doctor that plaintiff suffered severe and permanent damage to her body and health. Such notice furthers the public policy underlying section 364 to give the parties a meaningful opportunity to settle the claim and thus reduce the number of medical negligence suits in our courts. But even assuming that plaintiff failed to identify an injury to her nose in her section 364 notice, such an omission is not fatal to her ability to amend her complaint.

2.  *Section 364 does not bar plaintiff's claims for nasal injury.*

The specificity issue is resolved by reference to section 365 which provides: "Failure to comply with this chapter shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein. However, failure to comply with such provisions by any attorney at law shall be grounds for professional discipline and the State Bar of California shall investigate and take appropriate action in any such cases brought to its attention."

*Toigo v. Hayashida* (1980) 103 Cal.App.3d 267 [162 Cal.Rptr. 874], held that the exclusive remedy for violating the notice requirements of section 364 is professional discipline by the State Bar of California. The court went on to hold the express language of section 365 does not go to the maintenance of the action. The *Toigo* court noted the provisions of section 365 "seemingly emasculate the substance of section 364. . . . Upon the present state of the law, a motion to strike a professional negligence case for failure to comply with the terms of section 364 does not lie. Recourse for the omission has been legislatively dealt with in section 365." (*Toigo v. Hayashida, supra,* at p. 269.)

In *Lesko v. Superior Court* (1982) 127 Cal.App.3d 476 [179 Cal.Rptr. 595], the court, in discussing the commencement of the statute of limitations,

concluded: "[T]he 90-day notice requirement of section 364 is not jurisdictional. Failure to comply merely furnishes a ground for discipline by the State Bar of California in any case brought to its attention." (*Id.* at pp. 481-482.)

The Supreme Court recently reiterated the rule that failure to comply with the 90-day notice provision does not invalidate court proceedings and is not jurisdictional, although it may subject the plaintiff's attorney to State Bar discipline. (*Preferred Risk Mutual Ins. Co. v. Reiswig, supra,* 21 Cal.4th at pp. 213-214.)

A logical application of the rule that court proceedings are not invalidated by a total failure to serve the section 364 notice is that failure to specify in the section 364 notice all injuries suffered cannot bar a plaintiff from including the injury unintentionally omitted from the notice in the lawsuit against the medical practitioner if it is not otherwise barred by the statute of limitations.

### 3. *Standard for amendment of pleadings.*

"The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading[.]" (§ 473, subd. (a)(1).) The discretionary power to allow amendments to the pleadings "in furtherance of justice" must be exercised liberally at all stages of the proceeding by permitting those amendments which will facilitate the interests of justice and resolve all disputed issues. Leave to amend should be denied only where the facts are not in dispute, and the nature of the plaintiff's claim is clear, but under substantive law, no liability exists and no amendment would change the result. (*CAMSI IV v. Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1539 [282 Cal.Rptr. 80].)

"An amended complaint relates back to the original complaint when it (1) is based on the same general set of facts as the original, (2) seeks relief for the same injuries, and (3) refers to the same incident." (*Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 230 [31 Cal.Rptr.2d 525].)

Following our notice that we were considering issuance of a peremptory writ of mandate granting the petition (*Palma v. U.S. Industrial Fasteners, Inc., supra,* 36 Cal.3d 171; *Lewis v. Superior Court, supra,* 19 Cal.4th 1232), defendant filed a brief in which he argued plaintiff's injury caused by the nasal surgery is distinct from the injury caused by the E. coli infection resulting from the breast surgery, even though both the nasal surgery and the breast surgery were performed at the same time.

The trial court made the apparent determination that the general allegation of negligent *surgeries* in the original complaint is sufficient to include the nasal surgery performed at the same time as the breast surgery. This is the correct conclusion. The original complaint alleged injuries arising from "surgeries" which took place simultaneously. Discovery included data relating to both breast and nasal surgery. Defendant obviously was aware that plaintiff was seeking recovery for all the injuries suffered as a result of the alleged medical negligence.

Application of the relate-back doctrine is unnecessary under the circumstances here in that the general allegations in the initial complaint are sufficient to include injuries arising from the nasal surgery as well as the breast surgery. Moreover, the specifics of her injuries as alleged in the proposed amended complaint were based on the same general set of facts and the same surgeries as alleged in the original complaint. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 408-409 [87 Cal.Rptr.2d 453, 981 P.2d 79].)

## CONCLUSION

Plaintiff's entitlement to relief is obvious. The issue is one of law requiring only application of unambiguous language in the statutory scheme and clear case law. We hold, as a matter of law, a plaintiff's failure to allege the specific factual basis of each cause of action in the 90-day notice required by section 364 does not prevent her from alleging the omitted injury in the lawsuit filed against a medical practitioner.

All procedural requirements for issuance of the writ in the first instance have been followed. We notified the parties we were considering issuance of a peremptory writ of mandate in the first instance granting the petition and each party filed a written response. Under the circumstances present here, plaintiff's " ' "entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . ." ' [Citation.]" (*Lewis v. Superior Court, supra*, 19 Cal.4th at p. 1241.) According, we grant the petition for writ of mandate in the first instance.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its order denying the motion to amend the complaint and to enter in its place an order granting the motion.

The stay order entered on October 15, 2001, is vacated.

No costs are awarded in this proceeding.

Klein, P. J., and Kitching, J., concurred.