Filed 11/20/13  Salah v. St. Joseph Hosp. of Orange CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PETER SALAH et al., | |
| Plaintiffs and Appellants, | G047308 |
| v. | (Super. Ct. No. 30-2011-00499152) |
| ST. JOSEPH HOSPITAL OF ORANGE, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment and a postjudgment order of the Superior Court of Orange County, William M. Monroe, Judge.  Affirmed.

Law Offices of Tina Locklear and Tina Marie Locklear for Plaintiffs and Appellants.

Carroll, Kelly, Trotter, Franzen & McKenna, Michael J. Trotter, David P. Pruett and Matthew N. Trotter for Defendant and Respondent.

\*          \*          \*

INTRODUCTION

Plaintiffs Peter Salah and his niece, Samia Hishmeh (plaintiffs), appeal after the trial court granted summary judgment in favor of defendant St. Joseph Hospital of Orange (the hospital) and denied plaintiffs' motion to vacate the court's order. In their complaint filed in August 2011, plaintiffs alleged that on May 22, 2010, a nurse negligently instructed then 70-year-old Salah to put on his shoes and socks, while sitting on a bed, and that both plaintiffs suffered serious injuries when Hishmeh unsuccessfully tried to stop Salah from falling.

The hospital moved for summary judgment on the ground plaintiffs' complaint was time-barred. Plaintiffs opposed the motion on the ground the applicable one-year statute of limitations had been tolled because on May 18, 2011, they each sent the hospital a letter they contend constituted a notice of the intention to sue the hospital within the meaning of section 364 of the Code of Civil Procedure. (All further statutory references are to the Code of Civil Procedure.) Plaintiffs contend the trial court further erred by denying their motion to vacate the order granting summary judgment on the ground those letters were sufficient to toll the applicable statute of limitations.

We affirm. Plaintiffs' letters did not constitute notices of the intention to sue the hospital within the meaning of section 364 because they failed to include any of the content required by subdivision (b) of section 364. Consequently, plaintiffs' complaint was time-barred, and the trial court properly granted summary judgment and denied the motion to vacate.

BACKGROUND

I.

THE COMPLAINT

On August 11, 2011, plaintiffs filed a complaint against the hospital, asserting four separate claims for negligence. In the complaint, plaintiffs alleged that on

2

May 22, 2010, Hishmeh arrived at the hospital to pick up then 70-year-old Salah who recently had hernia surgery. Plaintiffs alleged Hishmeh saw Salah falling forward off the bed he was sitting on, as he tried to put on his shoes and socks (as directed by his nurse). They further alleged Hishmeh unsuccessfully attempted to prevent Salah from falling by running forward to grasp him, but both of them "tumbled painfully to the ground" and suffered injuries.

II.

THE HOSPITAL FILES A MOTION FOR SUMMARY JUDGMENT<br>WHICH PLAINTIFFS OPPOSE.

The hospital filed a motion for summary judgment on the ground the complaint was filed after the expiration of the applicable one-year statute of limitations for professional negligence under section 340.5. The motion included evidence plaintiffs were aware on May 22, 2010 of the facts they believe show the hospital was negligent or otherwise responsible for plaintiffs' injuries that occurred.

In opposition to the motion for summary judgment, plaintiffs produced evidence of correspondence sent by their attorney to the hospital. The first letter, dated June 1, 2010, stated: "Please be advised that this office represents Samia His[h]meh in her claim for injuries and damages that she sustained in the emergency department of this hospital. [¶] Please do not contact our client directly and send all further correspondence and communication to me. I look forward to working with you in resolving this matter." The letter stated that the "[d]ate of [l]oss" was "06/21/2010." Plaintiffs' counsel sent a second letter on behalf of Salah, also dated June 1, 2010, which contained identical content as the letter sent on behalf of Hishmeh. (We refer to plaintiffs' counsel's two letters, dated June 1, 2010, as the June 1, 2010 letters.)

Plaintiffs also produced evidence of two letters dated May 18, 2011, written by their attorney, and sent to the hospital (the May 18, 2011 letters), which plaintiffs' trial

3

counsel argued to the trial court constituted notices of plaintiffs' intention to sue the hospital within the meaning of section 364. Plaintiffs' counsel further argued that because service of the May 18, 2011 letters tolled the one-year statute of limitations for 90 days pursuant to section 364, subdivision (d), the complaint was timely filed.

Plaintiffs' counsel's declaration, filed in opposition to the motion for summary judgment, stated: "On May 18, 2011, after realizing the previous correspondence intended to provide notice to [the hospital] of Plaintiff's intent to file a civil action was defective, I sent further written correspondence to [the hospital], seeking to comply with California Code of Civil Procedure Section 364, advising that my law firm had been retained to pursue a claim on behalf of Plaintiff in connection with the injuries and damages they sustained in its emergency department on May 22, 2010. A true and correct copy of said correspondence is attached hereto as 'Exhibit B.'" Exhibit B to plaintiffs' counsel's declaration contained the May 18, 2011 letters. The first letter stated: "Please be advised that this office represents Samia Hishmeh. We sent you a representation letter on June 1, 2010 which incorrectly referred to the date of injury as being 6/21/10 (20 days later than the date of our letter). We apologize for the error. The correct date that Ms. Hishmeh sustained the injuries at your hospital and was then taken to your emergency room was May 21, 2010 (a month prior to the date of our letter). Additionally, she returned to your ER the next day. Ms. Hishmeh's treatment is still ongoing. [¶] If you have questions or concerns, please contact me. Do not contact the client directly." The second letter was sent on behalf of Salah, and had identical content to the letter sent on behalf of Hishmeh.

III.

### THE TRIAL COURT GRANTS THE MOTION FOR SUMMARY JUDGMENT.

The trial court granted the motion for summary judgment and explained its reasoning in a minute order, as follows: "Plaintiffs acknowledge the injury occurred on

4

5/22/10. The only issue is whether the statute of limitations was tolled by CCP §364. [¶] The supposed Notices of Intent were defective. It is not entirely clear that the first *defective* Notice sent in June 2010 even constituted notice under CCP §362 [*sic*]. Defendant correctly cites to Bennett for the proposition that the second Notice does not toll the statute of limitations. That case did not address the situation present here involving an originally defective Notice. [¶] As to the validity of the May 2011 notice, CCP §364(b) states that it must 'notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.' A review of the May 2011 Notice letters fail to yield any such language. [¶] The Notices (both June 2010 and May 2011) did not comply with CCP §364."

Judgment was entered against plaintiffs and in favor of the hospital.

IV.

PLAINTIFFS UNSUCCESSFULLY MOVE TO VACATE THE ORDER
GRANTING SUMMARY JUDGMENT, AND APPEAL.

Plaintiffs filed a motion to vacate the order granting summary judgment, which we construe as a motion to vacate the judgment entered after the trial court granted the motion for summary judgment. The basis of the motion to vacate was that the complaint was not time-barred because the May 18, 2011 letters were legally sufficient to toll the statute of limitations under section 364, subdivision (d).

The trial court denied the motion to vacate. The court's minute order stated: "The notice of motion must state with precision the nature of the relief sought and the grounds therefore. [¶] The memorandum suggests that this is a motion for mandatory relief under CCP §473. The basis of the motion is 'hey Court, you got this wrong' and 'I did a good enough job on that letter to survive summary judgment'—relief under §473 is simply not available. [¶] Stripping away titles and labels, plaintiffs' motion to vacate is in fact a motion for reconsideration (CCP §1008). [¶] CCP §364(d) tolls the statute of

limitations if a notice of intent to sue is served on the health care provider within the last 90 days.  The parties in this case disagree whether the letter dated 05/18/11 was sufficient to trigger the tolling provision.  Pursuant to §364(b):  'No particular form of notice is required, but it <u>shall</u> notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.'  [¶] That the purpose of MICRA [(Medical Injury Compensation Reform Act of 1975)] is to encourage parties to negotiate a resolution to medical malpractice disputes, the specificity-requirement in §364(b) is necessarily directed toward this purpose.  A notice which fails to provide any information regarding the injuries or legal basis of the claim does little if anything to promote evaluation or encourage resolution.  [¶] The 05/18/11 letter does not contain:  any description of injuries; any legal basis for a civil suit; any indication commensurate with actually filing a lawsuit; any reference to §364 at all.  The 05/18/11 letter provided defendant no relevant information whatsoever, and in fact appears to have been a letter whose sole purpose was to remind defendant not to contact plaintiffs directly.  [¶] Nothing in the legislative history or caselaw suggests that §365 was intended to forgive ineffective attempts to toll the [statute of limitations] under §364(d)."

Plaintiffs appealed from the judgment and from the postjudgment order denying the motion to vacate.

DISCUSSION

I.

THE TRIAL COURT PROPERLY GRANTED SUMMARY JUDGMENT.

A.

*Standard of Review*

We review orders granting summary judgment de novo.  (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767; *Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 35.)  A motion for summary judgment is properly granted if

6

the moving papers establish there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) "[W]hen, as here, the question involves the trial court's interpretation of a statute and the legal meaning of a written instrument on undisputed evidence, the question is one of law, subject to de novo review." (*Kelly v. County of Los Angeles* (2006) 141 Cal.App.4th 910, 919.) Where the uncontradicted facts are susceptible of only one legitimate inference, the trial court may resolve a statute of limitations issue on summary judgment. (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112.)

B.

*Summary Judgment Was Properly Granted Because the Complaint Was Untimely Filed; Plaintiffs Never Sent a Notice Complying with Section 364, and, Thus, the Statute of Limitations Was Not Tolled.*

"In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." (§ 340.5.) The California Supreme Court has explained: "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." (*Jolly v. Eli Lilly & Co.*, *supra*, 44 Cal.3d at p. 1110.)

Here, it is undisputed plaintiffs became aware of the hospital's alleged wrongdoing as the cause of their injuries on May 22, 2010. Thus, the parties agree, the applicable one-year statute of limitations began to run on that date and, unless tolled, expired by the time the complaint was filed in August 2011. We therefore turn to consider whether the statute of limitations was tolled under section 364, subdivision (d), thereby rendering the complaint timely filed.

7

As part of MICRA, section 364, subdivision (a) "requires plaintiffs to give defendants 90 days' notice of intent to sue for actions 'based upon' defendants' professional negligence. Section 364, subdivision (d), tolls the 'applicable statute of limitations' governing the negligence action for 90 days following proper statutory notice." (*Preferred Risk Mutual Ins. Co. v. Reiswig* (1999) 21 Cal.4th 208, 211.)

Section 364 provides in its entirety: "(a) No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action. [¶] (b) No particular form of notice is required, but it *shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered*. [¶] (c) The notice may be served in the manner prescribed in Chapter 5 (commencing with Section 1010) of Title 14 of Part 2. [¶] (d) If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice. [¶] (e) The provisions of this section shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name, as provided in Section 474. [¶] (f) For the purposes of this section: [¶] (1) 'Health care provider' means any person licensed or certified pursuant to Division 2 (commencing with Section 500) of the Business and Professions Code, or licensed pursuant to the Osteopathic Initiative Act, or the Chiropractic Initiative Act, or licensed pursuant to Chapter 2.5 (commencing with Section 1440) of Division 2 of the Health and Safety Code; and any clinic, health dispensary, or health facility, licensed pursuant to Division 2 (commencing with Section 1200) of the Health and Safety Code. 'Health care provider' includes the legal representatives of a health care provider; [¶] (2) 'Professional negligence' means negligent act or omission to act by a health care provider in the rendering of professional

services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital." (Italics added.)

In *Preferred Risk Mutual Ins. Co. v. Reiswig*, *supra*, 21 Cal.4th at pages 214-215, the California Supreme Court explained the legislative purpose behind section 364 as follows: "[T]he Legislature enacted MICRA in 1975 in response to rapidly increasing premiums for medical malpractice insurance. [Citations.] The Legislature viewed MICRA as '"an interrelated legislative scheme . . . to deal specifically with all medical malpractice claims."' [Citation.] The purpose of the notice of intent to sue and the 90-day tolling period of section 364 was to decrease the number of actions premised on professional negligence by establishing a procedure to encourage the parties to negotiate '"outside the structure and atmosphere of the formal litigation process."' [Citation.] We have held that the tolling period of section 364, subdivision (d), applies to those injuries governed by the MICRA statute of limitations under section 340.5. [Citations.] The cases agree that MICRA provisions should be construed liberally in order to promote the legislative interest in negotiated resolution of medical malpractice disputes and to reduce malpractice insurance premiums."

Plaintiffs contend the May 18, 2011 letters constituted notices of the intention to sue in compliance with section 364, subdivision (a), which thereby tolled the statute of limitations for 90 days. The hospital contends the May 18, 2011 letters did not satisfy the notice requirement of section 364 and thus did not trigger the tolling provision of section 364, subdivision (d) as a matter of law.

In *Anson v. County of Merced* (1988) 202 Cal.App.3d 1195, 1204, the appellate court concluded a "claim" served on one of the defendants by the plaintiff fell "significantly short of the specificity requirement" of section 364. The court explained:

9

"[The claim] states, 'This is a claim for medical malpractice which occurred on February 24, 1986, at the Merced Community Medical Center.' No mention is made of the type of injuries suffered. Moreover, the claim simply states, 'The names of the public employees causing the claimant's injuries are medical personnel whose names are unknown to the claimant at this time.' This cannot be construed as sufficient notice to the individual physicians who were charged with malpractice. Under these circumstances the . . . claim cannot serve as a proper notice of intention to commence an action as required by Code of Civil Procedure section 364." (*Anson v. County of Merced*, *supra*, at p. 1204.)

In *Edwards v. Superior Court* (2001) 93 Cal.App.4th 172, 178, the plaintiff served a notice "alleging general medical negligence arising from 'surgeries' which caused multiple injuries," including an E. coli infection. The appellate court concluded: "While the specification of injury contained in plaintiff's section 364 claim is not a model of clarity, it does inform the health care practitioner-defendant of the contemplated lawsuit arising out of the plastic and reconstructive surgery performed. Furthermore, the notice informs the doctor that plaintiff suffered severe and permanent damage to her body and health. Such notice furthers the public policy underlying section 364 to give the parties a meaningful opportunity to settle the claim and thus reduce the number of medical negligence suits in our courts." (*Id.* at p. 179.)

Although section 364, subdivision (b) does not require any "particular *form* of notice" (italics added), it does delineate required content in that it provides the notice must "notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered." The May 18, 2011 letters informed the hospital that plaintiffs' attorney represented the plaintiffs, corrected the "date of injury" that had been incorrectly stated in the June 1, 2010 letters, stated

plaintiffs' unspecified "treatment" was "ongoing," and instructed the hospital not to contact the plaintiffs directly.

The May 18, 2011 letters, however, did not describe the nature of either plaintiff's alleged injuries, did not identify the legal basis of either plaintiff's claims, and did not state the type of alleged losses sustained. They did not cite or otherwise refer to section 364, much less state that plaintiffs intended to file a lawsuit against the hospital for professional negligence. Consequently, the May 18, 2011 letters failed to contain the required content of a notice of the intention to commence an action against the hospital within the meaning of section 364, and, thus, the tolling provisions of section 364, subdivision (d) were never triggered.

Plaintiffs contend the May 18, 2011 letters tolled the statute of limitations notwithstanding their deficiencies. Plaintiffs' argument is based on section 365, which provides: "Failure to comply with this chapter shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein. However, failure to comply with such provisions by any attorney at law shall be grounds for professional discipline and the State Bar of California shall investigate and take appropriate action in any such cases brought to its attention."

Nothing in section 365 suggests that the applicable statute of limitations is tolled even when notice purportedly given under section 364 is defective. Otherwise, the notice requirements would be irrelevant. (See *Edwards v. Superior Court*, *supra*, 93 Cal.App.4th at p. 180 ["A logical application of the rule that court proceedings are not invalidated by a total failure to serve the section 364 notice is that failure to specify in the section 364 notice all injuries suffered cannot bar a plaintiff from including the injury unintentionally omitted from the notice in the lawsuit against the medical practitioner *if it is not otherwise barred by the statute of limitations*" (italics added)].)

11

Plaintiffs have confused the issue of jurisdiction with the issue whether inadequate notice tolls the statute of limitations. (See *People v. Williams* (1999) 77 Cal.App.4th 436, 457-458 ["In civil cases, the statute of limitations is not jurisdictional but merely serves a procedural function and constitutes an affirmative defense that is waived unless pleaded and proved"].) Under section 365, the trial court has jurisdiction over a medical malpractice action even if the plaintiff failed to provide notice under section 364. (*Toigo v. Hayashida* (1980) 103 Cal.App.3d 267, 268.) The relevant issue here is not jurisdiction, but whether a purported section 364 notice that fails to contain the statutorily required content tolls the statute of limitations; we hold it does not. The trial court did not err by granting the motion for summary judgment.

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY DENYING THE MOTION TO VACATE.

Plaintiffs contend the trial court erred by denying their motion to vacate the order granting summary judgment under section 473, subdivision (b), which permits the trial court to grant relief from a judgment, order, or other proceeding taken against a party by "mistake, inadvertence, surprise, or excusable neglect." We review an order denying a motion for discretionary relief under section 473 for abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.)

In *Hanooka v. Pivko* (1994) 22 Cal.App.4th 1553, 1563, the appellate court stated: "We hold that appellants cannot extend the medical malpractice statute of limitations, section 340.5, by applying section 473 to the notice provision of section 364. Section 340.5 makes no provision for an extension of a limitations period on a showing of good cause, or specifically under section 473. Indeed, section 340.5 prohibits tolling beyond the three-year period except in particular circumstances, and no tolling is

12

provided at all for the one-year period following discovery.  Section 364, which contains a limitations period requiring 90 days' notice prior to commencing a medical malpractice action, should likewise not be susceptible to extension as it is contained within title 2 of the Code of Civil Procedure ('Time of Commencing Actions') and inexorably impacts upon the limitations period of section 340.5.  'Unknown defendants' are the only exception to section 364's notice requirements; there is no exception for good cause shown, and accordingly application of section 473 is precluded.  We conclude that applying section 473 to section 340.5 through section 364 would create a 'loophole' not envisioned by the Legislature."

The appellate court further stated, "[e]ven were section 473 applicable, we would find that the trial court did not abuse its discretion in denying appellants the relief they sought.  [Citation.]  Under section 473, a reasonable mistake of law is excusable.  [Citation.]  In order to determine whether counsel's mistake is deemed excusable, the court looks at 'the reasonableness of the misconception and the justifiability of lack of determination of the correct law.'  [Citation.]  [¶] Here, appellants' counsel's excuses are not reasonable." (*Hanooka v. Pivko*, *supra*, 22 Cal.App.4th at p. 1563.)

Here, even were we to assume the statute of limitations set forth in section 340.5 could be tolled by applying section 473 to the notice provision of section 364, plaintiffs do not offer *any* explanation, much less a reasonable one, for their failure to comply with the content requirements for the notice as set forth in section 364, subdivision (b).  In their opening brief, the closest that plaintiffs come to offering such an explanation is in their statement:  "On May 18, 2011, when [plaintiffs'] § 364 notices were sent, the extent of [plaintiffs'] injuries was unknown. . . . [Plaintiffs'] attorney thought that stating that treatment was ongoing was sufficient for purposes of the § 364 notices. . . . [Plaintiffs'] attorney did not yet know the magnitude of the injuries and did not yet know whether the complaint would be for the wrongful death of Peter Salah or for

his pain and suffering resulting from the injury." Plaintiffs' argument does not explain why the May 18, 2011 letters failed to assert an intention to commence legal action against the hospital, identify the legal basis of the claims, e.g., negligence, or identify the *type* of injuries allegedly sustained by either plaintiff. That plaintiffs' counsel was unaware of the extent of plaintiffs' injuries does not explain why the May 18, 2011 letters failed to contain the requisite information.

## DISPOSITION

The judgment and the postjudgment order denying the motion to vacate are affirmed. Respondent shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

14