Filed 7/6/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **VEENA KUMARI et al.,**<br><br>    **Plaintiffs and Appellants,**<br><br>**v.**<br><br>**THE HOSPITAL COMMITTEE FOR THE LIVERMORE-PLEASANTON AREAS,**<br><br>    **Defendant and Respondent.** | **A148351**<br><br>**(Alameda County Super. Ct. No. RG15755853)** |

On October 29, 2013, while she was hospitalized after giving birth, Veena Kumari fell and broke her right shoulder. On February 19, 2014, Kumari sent ValleyCare Health System (ValleyCare) a detailed letter describing her injury and the basis for her "medical negligence" claim. Kumari requested $240,000 and advised ValleyCare she would "move to the court" if she did not receive a check within 20 days. ValleyCare denied Kumari's claim.

On January 23, 2015—more than a year after her injury—Kumari and her husband (collectively, plaintiffs) sued ValleyCare for medical negligence and loss of consortium.[1] The trial court granted ValleyCare's summary judgment motion, concluding Kumari's letter constituted a notice of intent to sue pursuant to Code of Civil Procedure section

---

[1]     Plaintiffs' complaint named defendant by its fictitious name, "ValleyCare Health System." An amended complaint substituted in defendant's true name, "The Hospital Committee for the Livermore-Pleasanton Areas. We refer to defendant as ValleyCare.

1

364[2] which did not extend the statute of limitations.  The court concluded the complaint was time-barred and entered judgment for ValleyCare.

Plaintiffs appeal, contending Kumari's letter was not a notice of intent to sue within the meaning of section 364.  We disagree and affirm.  In doing so, we reject plaintiffs' claim that an author's subjective motivation for writing a letter to a health care provider is relevant when determining whether that letter is a notice of intent to sue under section 364.

FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 2013, Kumari gave birth via Cesarean section at a ValleyCare hospital in Pleasanton.  The next day, Kumari fell as she was walking along a hospital corridor, fracturing her right shoulder.

*Kumari's Letter and ValleyCare's Response*

In February 2014, Kumari sent ValleyCare a letter "regarding the personal injury accident that occurred" on October 29, 2013, the day after she delivered her baby.  The letter stated the "accident was a result of medical negligence" by a nurse assigned to Kumari.  The letter described the "elaborate sequence of events," specifically that a "nurse took [Kumari] out for the first walk in the corridors of the hospital," and left her "unattended walking."  Kumari felt "dizzy and collapsed on the floor; this caused my right shoulder fracture (diagnosed by MRI in the hospital). . . .  I strongly feel that the nurse should not have left me unattended, especially when my hemoglobin level was considerably low."

Kumari's letter explained that the pain caused by the accident prevented her from working, bonding with her baby, and caring for herself.  Kumari described the medical

---

[2]     All undesignated statutory references are to the Code of Civil Procedure.  "Section 364 requires that a plaintiff give a health care provider 90 days' prior notice before commencing an action for professional negligence." (*Jones v. Catholic Healthcare West* (2007) 147 Cal.App.4th 300, 305 (*Jones*).)  Section 364, subdivision (d) tolls the statute of limitations for 90 days if the notice of intent to sue is served on the health care provider within the last 90 days of the applicable statute of limitations.  (*Woods v. Young* (1991) 53 Cal.3d 315, 325 (*Woods*).)

treatment she was receiving from an orthopedist and physiotherapist; she sought "compensation of 140,000 dollars + non-economic damages of $100,000 + the medical expenses" and payment for physical therapy. The letter concluded: "I would therefore request you to send me a check of 240,000 dollars within 20 days of receipt of this letter. I personally do not wish to go through the legal route, but if this doesn't work I will move to the court after 20 days. I would also request you to keep all the relevant documents, cctv footage or preserve anything relevant as proof of the accident."

In March 2014, ValleyCare's insurer acknowledged receiving the letter, and asked Kumari to complete medical authorization forms so it could "review the claim." Several weeks later, the insurer reiterated its request for Kumari to complete authorizations from the treatment providers identified in Kumari's letter. Kumari completed the authorizations. In August 2014, the insurer denied Kumari's claim, concluding "a review of the matter found that the nurse . . . did not breach the standard of care prior to your fall. Therefore, we will not make any offer of settlement on behalf of ValleyCare."

*Plaintiffs' Counsel's Letter and the Litigation*

Plaintiffs hired a lawyer. On October 27, 2014, their attorney sent ValleyCare a letter "pursuant to . . . section 364" stating the nurse's "negligent actions" caused Kumari's injuries and that Kumari's husband had a loss of consortium claim. The letter stated "after the expiration of 90 days from the date of this notice, [plaintiffs] intend to file an action." On January 23, 2015, plaintiffs filed a complaint against ValleyCare for medical negligence and loss of consortium.

ValleyCare moved for summary judgment. It argued the complaint—filed after the one-year statute of limitations in section 340.5 expired—was time-barred. ValleyCare also argued Kumari's letter was an "intent to sue letter" within the meaning of section 364 because it described "the legal basis for her claim (personal injury due to medical negligence) and provided a detailed inventory of the nature of her injuries and losses (broken shoulder resulting in wage loss, pain and suffering and out of pocket expenses for medical care . . . .)" Additionally, ValleyCare claimed the letter evinced an intent to sue by advising ValleyCare that Kumari was "prepared to move forward in 'the

3

court' through 'the legal route' if her letter proved unsuccessful." Finally, ValleyCare contended neither Kumari's letter nor plaintiffs' counsel's letter extended the limitations period.

In support of the motion, ValleyCare offered Kumari's deposition testimony. Kumari testified that when she wrote the letter, she believed the nurse was negligent. She wrote the letter to obtain a settlement before hiring an attorney; she wanted to give ValleyCare an opportunity to settle the dispute before she filed a lawsuit. When she wrote the letter, Kumari's state of mind was that she would " 'go through the legal route' " if ValleyCare did not send her a check. When ValleyCare's insurer responded to her letter, Kumari knew the insurer was investigating her claim so it could respond to her demand for money.

Plaintiffs' opposition conceded the one-year statute of limitations began to run on October 29, 2013. Plaintiffs, however, argued the complaint was timely because: (1) Kumari's letter was not a notice of intent to sue under section 364; and (2) plaintiffs' counsel's letter tolled the statute of limitations because it was sent within 90 days of the expiration of the limitations period. According to plaintiffs, Kumari's letter did not constitute a notice of intent to sue because she did not *intend* for the letter to fall within section 364. Instead, her letter was an "informal" effort to try to resolve her concerns in "a friendly way." When she wrote the letter, Kumari was not "aware of the existence of . . . Section 364, nor was she aware of any of its provisions requiring that notice be given prior to the filing of a legal action for medical negligence."

In a supporting declaration, Kumari averred she wrote the letter to see whether her concerns about her injury "could be resolved quickly by direct discussions" with ValleyCare. She also stated the letter was not a notice of her intention to sue ValleyCare, nor was it "written in an attempt to satisfy any legal requirement that notice be given to ValleyCare before a legal action would be filed against it. When I wrote that letter I hoped to resolve my concerns in a friendly way, without going the legal route."

In reply, ValleyCare argued the complaint was time-barred and that plaintiffs' counsel's letter, sent in the 90 days preceding the final day to file suit, did not extend the

4

limitations period. As ValleyCare explained, Kumari had already sent a notice of intent to sue, and her unawareness of section 364 did not affect the statute's applicability. ValleyCare also argued Kumari's declaration—which contradicted her deposition testimony—could not create a question of fact regarding whether her letter was a notice of intent to sue.

The court granted the motion for summary judgment, concluding the complaint was time-barred. The court rejected the contention that plaintiffs' counsel's letter tolled the statute of limitations for 90 days. As the court explained, "that would only be true if Kumari's February 19, 2014 letter . . . did not constitute a notice of intent to sue pursuant to [section] 364. If Kumari's letter constituted a notice of intent to sue pursuant to [section] 364, then the (second) notice of intent to sue served by Plaintiffs' counsel on October 27, 2014 was a nullity." The court determined Kumari's letter was an intent to sue: it fulfilled the purpose of section 364 by putting ValleyCare on notice of Kumari's claim and by attempting to reach a settlement before litigation. According to the court, Kumari's letter contained the information required by section 364 and indicated an intent to sue if Kumari's "claim was not resolved to her satisfaction. . . . Although Kumari asserts in her declaration that she was unaware of any legal requirement to give notice prior to suing . . . she does not (and cannot) deny that she notified [ValleyCare] in her letter of her injuries and that she would 'move to court' if [ValleyCare] did not pay her $240,000."[3]

The court determined as a matter of law, based on the undisputed evidence, that Kumari's letter constituted a notice of intent to sue under section 364 and that because

---

[3] At a hearing on the summary judgment motion, the court observed: "[T]he question is really not the intent of the plaintiff who wrote [the letter], but what is the legal meaning of this letter and does it fall under this statute to give the defendant time to settle the case before [a lawsuit is] filed." The court also noted, "I think [Kumari's] testimony about what she thought is not relevant. Because it's really what it means to a reader, in this case a reasonable defendant, as to whether or not this is truly a notice of intent to sue as contemplated under the statute. Whatever the plaintiff intended to do doesn't really matter."

5

the letter was "served . . . far more than 90 days before the expiration of the statute of limitations . . . it did not extend the statute of limitations. [Citation.] The subsequent notice served . . . on October 27, 2014 was a nullity." The court entered judgment for ValleyCare.

## DISCUSSION

Plaintiffs contend the court erroneously granted summary judgment for ValleyCare. "We independently review the trial court's order granting summary judgment and determine if the undisputed facts establish [ValleyCare] is entitled to judgment as a matter of law on its statute of limitations defense." (*Falk v. Children's Hospital Los Angeles* (2015) 237 Cal.App.4th 1454, 1462, citing § 437c, subd. (c).) " 'We also conduct de novo review of the trial court's resolution of the underlying issues of statutory construction.' " (*Jones, supra,* 147 Cal.App.4th at p. 305.)

### I.

### *General Principles*

Section 340.5 requires medical malpractice actions be brought within the earlier of three years from the date of injury or "one year after the plaintiff discovers . . . the injury, whichever occurs first." Here, the statute of limitations is one year from the date of Kumari's October 29, 2013 injury.

Section 364 precludes a plaintiff from filing a professional negligence action against a health care provider unless the plaintiff has given the health care provider 90 days notice "of the intention to commence the action." (§ 364, subd. (a); *Preferred Risk Mutual Ins. Co. v. Reiswig* (1999) 21 Cal.4th 208, 211.) "No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered." (§ 364, subd. (b).) Section 364, subdivision (d) tolls the statute of limitations for 90 days if the notice of intent to sue is served on the health care provider within the last 90 days of the applicable statute of limitations. (*Woods, supra,* 53 Cal.3d at p. 325.) The purpose of section 364 and the 90-day waiting period "is to decrease the number of medical malpractice actions filed by establishing a procedure that encourages the parties to

6

negotiate 'outside the structure and atmosphere of the formal litigation process.' " (*Woods, supra,* 53 Cal.3d at p. 320; see also *Anson v. County of Merced* (1988) 202 Cal.App.3d 1195, 1204 (*Anson*).)

## II.

*Kumari's Letter Was a Notice of Intent to Sue Under Section 364*

Plaintiffs contend Kumari's letter was not a notice of intent to sue under section 364 for several reasons, none of which is persuasive. First, Kumari argues the letter did not fall within section 364 because it was "informal." We disagree. Section 364, subdivision (b) does not require any "particular *form* of notice" (italics added). What the statute requires is that the notice include "the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered." (*Ibid.*) Kumari's letter included this information. It listed the date of her injury and described the events giving rise to her "medical negligence" claim. The letter also described the injury, the medical treatment Kumari was receiving for that injury, and the damages she allegedly sustained. Additionally, the letter requested $240,000, and indicated Kumari would "move to the court after 20 days" if she did not receive payment.

The letter constituted a notice of intent to sue under section 364. (*Edwards v. Superior Court* (2001) 93 Cal.App.4th 172, 178 [notice satisfied section 364 where it alleged "medical negligence arising from 'surgeries' which caused multiple injuries," including an E. coli infection "resulting from [a] breast surgery"]; *Bennett v. Shahhal* (1999) 75 Cal.App.4th 384, 391 (*Bennett*) [operative section 364 notice stated the doctor's negligence caused injuries and required corrective surgery].) Kumari's letter also furthered the purposes of section 364: "to place the health care provider on notice as to the alleged injuries which have been suffered by the plaintiff" (*Anson, supra,* 202 Cal.App.3d at p. 1204) and to allow health care providers and plaintiffs to engage in settlement discussions " ' "outside the structure and atmosphere of the formal litigation process." ' " (*Bennett,* at p. 389.) ValleyCare responded to Kumari's letter, investigated her claim, and determined no settlement was warranted because the nurse was not negligent.

Next, plaintiffs argue the letter is not a notice under section 364 because there is no evidence Kumari "intended" the letter to fall within the statute. We are not persuaded. Section 364 does not include a requirement that the notice affirmatively express an intention to comply with the statute. Plaintiffs' reliance on two cases, *Jones, supra,* 147 Cal.App.4th 300 and *Wurts v. County of Fresno* (1996) 44 Cal.App.4th 380 (*Wurts*), does not alter our conclusion.[4] In *Jones*, the plaintiff fell in her hospital room. She sent the hospital president a letter "describing the circumstances surrounding the fall and asking the hospital to 'assume financial responsibility for the injuries that occurred . . . .' " She also asked the president "to contact her attorney within 10 days in order to 'decide on an appropriate course of action.' " (*Jones,* at p. 303.) The issue in *Jones* was the manner on which the letter was served. (*Id.* at pp. 306-309.)

At the end of the opinion, the *Jones* court stated: "the record does not show as a matter of law that [the plaintiff] intended the . . . letter to be a notice of intent to sue under section 364, [and] we agree with the trial court that defendants were not entitled to summary judgment on that issue." (*Jones, supra,* 147 Cal.App.4th at p. 309.) Plaintiffs' reliance on this single sentence from *Jones* is unavailing. *Jones* did not consider whether

---

4      In *Phillips v. Desert Hospital Dist.* (1989) 49 Cal.3d 699, the California Supreme Court rejected a similar argument in the context of the Tort Claims Act, Government Code section 900 et seq. There, the defendant hospital argued the plaintiffs did not intend for their section 364 notice to function as a claim for purposes of the Government Claims Act. The *Phillips* court observed: "The hospital fails to explain, however, why or how a claimant's intent, even if ascertainable, is relevant to the notice and defense-waiver provisions of the act. Implementation of the purposes of the claim presentation requirements—to require public entities to manage and control claims and to encourage timely investigation and settlement to avoid needless litigation—depends not on a claimant's state of mind but rather on the information imparted to the public entity. Thus, the relevant inquiry is not into plaintiffs' subjective intent but whether their 364 notice disclosed to the hospital that they had a claim against it which, if not satisfactorily resolved, would result in their filing a lawsuit." (*Id.* at pp. 709-710.) The same is true here. Whether Kumari intended for her letter to be construed as a notice of intent to sue under section 364 is irrelevant. The relevant inquiry is whether Kumari's letter disclosed to ValleyCare that she "had a claim against it which, if not satisfactorily resolved, would result in [the] filing a lawsuit." (*Ibid.*)

8

an author's subjective intent is relevant when determining whether a letter constitutes a notice to sue under section 364. " 'Cases do not stand for propositions that were never considered by the court.' " (*Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1156.)

In any event, *Jones* is distinguishable. Here and in contrast to *Jones*, the undisputed evidence demonstrates as a matter of law that Kumari's letter is a notice of intent to sue. As stated above, the letter demands $240,000 within 20 days, and states: "I personally do not wish to go through the legal route, but if this doesn't work, I *will move to the court* after 20 days." (Italics added.) Kumari also requested ValleyCare preserve evidence "relevant as proof of the accident," demonstrating she was contemplating a lawsuit. Kumari's deposition testimony also supports the conclusion she intended to sue ValleyCare when she wrote the letter. At her deposition, Kumari testified she wrote the letter to obtain a settlement before she hired an attorney and filed a lawsuit. Kumari also testified that when she wrote the letter, she would " 'go through the legal route' "—i.e. file a lawsuit—if ValleyCare did not send her a check. Plaintiffs cannot evade the effects of section 364 by claiming Kumari was unaware of the law when she wrote the letter. We conclude Kumari's letter "evidenced the specific intent to sue." (See *Bennett, supra,* 75 Cal.App.4th at p. 390, fn. 3.)

Plaintiffs' reliance on *Wurts* is similarly misplaced. There, the appellate court determined a claim under the Tort Claims Act did not also constitute a notice of intent to sue under section 364. (*Wurts, supra,* 44 Cal.App.4th 380 at pp. 385, 387-388.) *Wurts* held "[a] claimant who . . . has complied with the letter and spirit of both section 364 and Government Code section 910 is entitled to the full benefit of both statutes, including tolling for 90 days of the 6-month limitations period of Government Code section 945.6." (*Id.* at p. 387.) According to *Wurts*, "when . . . the pertinent facts do not disclose an intent on the part of the claimant to combine the two, the tort claim cannot be deemed to also constitute a notice [of an intention to sue]" in part because of differences between the statutes' notice requirements. (*Id.* at pp. 388, 384.) *Wurts* does not stand for the proposition that a document is not a section 364 notice unless the author intends for the document to come within the statute.

9

We conclude Kumari's letter constituted a notice of intent to sue under section 364, which did not toll the one-year statute of limitations. (See *Woods, supra,* 53 Cal.3d at pp. 320, 325 [notice of intent sent more than 90 days before expiration of limitations period does not toll the statute].)

## III.

*The Second Section 364 Notice Was Surplusage and the*
*Complaint Was Time-barred*

Plaintiffs' counsel's October 27, 2014 letter was a "second notice" which did not extend the limitations period. (*Bennett, supra,* 75 Cal.App.4th at p. 390.) "[T]he tolling provision of section 364, subdivision (d) applies only to plaintiffs who have served their original notice of intent to sue within 90 days of the expiration of the applicable limitations period. The service of an early notice, as here, fully achieves the legislative objective of encouraging negotiated resolutions of disputes without the necessity of suit. A second notice is not required and would generally serve no purpose . . . ." (*Ibid.*)

The complaint, filed after the one-year statute of limitations in section 340.5 expired, was time-barred. Summary judgment for ValleyCare was properly granted.[5] (*Bennett, supra,* 75 Cal.App.4th at p. 389.)

## DISPOSITION

The judgment is affirmed. ValleyCare is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278.)

---

[5] We reject plaintiffs' contention—made for the first time on appeal—that Kumari may have discovered her injury after October 29, 2013. We also reject plaintiffs' claims of error premised on comments the court made at the summary judgment hearing.

10

_____

Jones, P. J.


We concur:


_____

Needham, J.


_____

Bruiniers, J.


A148351

11

Veena Kumari et al., v. The Hospital Committee for the Livermore-Pleasanton Areas (A148351)

Trial Court:    Alameda County Superior Court

Trial Judge:    Hon. Delbert C. Gee

Counsel:

Law offices of John E. Hill and John E. Hill for Plaintiffs and Appellants.

Law offices of Bjork Lawrence, Robert K. Lawrence, Robyn D. Roberts for Defendant and Respondent.